Charles HOPKINS, Plaintiff–Appellant,

v.

Mohammad ALI; et al., Defendants–
Appellees.

No. 05–16794.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2007.[*]

Filed Jan. 17, 2007.

Charles Hopkins, Soledad, CA, pro se.

Harry T. Gower, III, Esq., James M.
Humes, Esq., Office of the California At-
torney General, Oakland, CA, for Defen-
dants–Appellees.

Before: ALARCÓN, HALL, and PAEZ,
Circuit Judges.

MEMORANDUM [**]

California state prisoner Charles Hop-
kins appeals pro se from the district court
judgment in favor of defendants in his 42
U.S.C. § 1983 action alleging defendants
acted with deliberate indifference to his
medical needs. We have jurisdiction pur-
suant to 28 U.S.C. § 1291. We review de
novo the district court's grant of summary
judgment, *Delta Savs. Bank v. United
States,* 265 F.3d 1017, 1021 (9th Cir.2001),
and we review for abuse of discretion the
district court's evidentiary rulings during
trial, *United States v. Manning,* 56 F.3d
1188, 1196 (9th Cir.1995). We affirm.

The district court properly granted sum-
mary judgment to defendant Dr. Loaiza
because Hopkins failed to raise a genuine
issue of material fact as to whether Loaiza
knew of and disregarded a substantial risk
of serious harm. *See Farmer v. Brennan,*
511 U.S. 825, 837–39, 114 S.Ct. 1970, 128
L.Ed.2d 811 (1994).

Contrary to Hopkins' contention, the
district court did not abuse its discretion in
excluding evidence during the trial on
Hopkins' remaining claims, and the eviden-
tiary rulings did not prejudice Hopkins'
case. *See Defenders of Wildlife v. Bernal,*
204 F.3d 920, 927–28 (9th Cir.2000).

Moreover, the record does not support
Hopkins' contentions that the jury and the
judge demonstrated bias against him. The
trial transcript shows that Hopkins failed
to raise a colorable claim of juror bias to
the district court, *see Dyer v. Calderon,*
151 F.3d 970, 974–75 (9th Cir.1998), and
that the district court promptly issued a
curative instruction to mitigate potential
bias surrounding defense counsel's ques-
tion about Hopkins' criminal history, *see
Price v. Kramer,* 200 F.3d 1237, 1252 (9th
Cir.2000) (prejudicial effect of remarks at
trial can be cured by prompt and effective
curative instruction).

Hopkins' remaining contentions lack
merit.

**AFFIRMED.**

---

[*] The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.